James Paul LeFante, LeFante Law Offices PC, Ralph D. Davis, Ralph Davis Law, Peoria, IL, for Plaintiff.

Heather E. Shea, O'Hagan Meyer LLC, Chicago, IL, for Defendant.

**Toni M. MORRISON, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**Case No. 1:15–cv–01232–JEH**

United States District Court,
C.D. Illinois,
Peoria Division.

Signed June 30, 2017

### Order

Jonathan E. Hawley, U.S. MAGISTRATE JUDGE

Discovery is ongoing in this case, which arises out of the Plaintiff's claim that she injured herself after tripping on a rug at Walmart, the Defendant. The parties are currently in the process of arranging medical depositions, and Morrison intends to obtain and offer opinions of treating physician, Dr. Mulconrey, regarding not only the surgery he performed on Morrison, but also regarding three surgical procedures performed by other physicians. Walmart argues that because Dr. Mulconrey will opine on treatment other than that provided by himself, he must prepare a written report as required by Federal Rule of Civil Procedure 26(a)(2)(B). Morrison argues that written reports are required only for "retained" experts, which Dr. Mulconrey is not. The Court concludes that Dr. Mulconrey's expert testimony is governed by Rule 26(a)(2)(C), which requires more than simple disclosure of the witness, but less than subsection (a)(2)(B)'s reporting requirement. Walmart's motion is therefore DENIED.

Federal Rule of Civil Procedure 26(a)(2), governing the disclosure of expert witnesses, states:

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26.

Given the plain language of the Rule, the resolution of the dispute between the parties is obvious. Subsection (A) requires the Plaintiff to first disclose the identity of any expert witness. Fed. R. Civ. P. 26(a)(2)(A). However, because Dr. Mulconrey is not "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," he need not provide a written report, as he falls outside of those expert witnesses covered by subsection (B). Fed. R. Civ. P. 26(a)(2)(B). Given that he is not covered by subsection (B), subsection (C) applies, requiring only that the Plaintiff disclose "the subject matter on which the witness is expected to present evidence ..." and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

This simple, straightforward resolution of the issue by the plain language of the Rule may not have been so apparent to Walmart because every case it cites in support of its position predates the 2010 amendment to Rule 26 which changed subsection (C) to address the disclosure requirements for non-retained experts. Before the 2010 amendment to Rule 26, that subsection read as follows:

(C) *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(C) (pre–2010 amendment version). Notice that this pre-amendment version of the Rule is silent about the disclosure requirements for expert witnesses who are not covered by subsection (B).

As the Advisory Committee Note to the 2010 amendment demonstrates, the subsection (C) disclosure requirements were added to "resolve a tension that has sometimes prompted courts to require reports under

Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." Fed. R. Civ. P. 26, 2010 Advisory Committee Note. With the amendment to subsection (C), "[a]n (a)(2)(B) report is required *only* from an expert described in (a)(2)(B)." *Id* (emphasis added). Moreover, "[a] witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony ..." *Id.* The Advisory Committee Note lists, as frequent examples of an expert witness covered by subsection (C), "treating physicians or other health care professionals and employees of a party who do not regularly provide expert testimony." *Id.*

Illustrative of the pre-amendment tension in the caselaw mentioned by the Advisory Committee Note is the Seventh Circuit Court of Appeals' decision in *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729 (7th Cir. 2010), decided on August 30, 2010, a few months before the 2010 amendment became effective on December 1, 2010. *See* Fed. R. Civ. P. 26, amendment effective dates. In *Meyers*, the court rejected the plaintiff's contention that his treating physicians did not need to file written expert reports as required by subsection (a)(2)(B) because they were not retained. *Meyers*, 619 F.3d at 734. The court held that "a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be *deemed* to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2). *Id* (emphasis added). A subsequent Seventh Circuit case, *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011), reaffirmed the holding in *Meyers*. Although *Banister* was decided on February 14, 2011, a few months after the effective date of the 2010 amendments, the court in *Banister* reviewed the district court's decisions made when the un-amended version of Rule 26(a)(2) was in effect. *Id.* In other words, the holding in *Meyers* and *Banister* address only the prior version of Rule 26(a)(2); both opinions are silent on how to interpret the amended version of the Rule which now directly addresses the issue which *Meyers* and *Banister* addressed in the old version.

Although neither *Meyers* nor *Banister* address the current version of Rule 26(a)(2), a handful of district courts do. For example, in *Valentine v. CSX Transp. Inc.*, 2011 WL 7784120 (N.D. Ill. May 10, 2011), the court considered whether treating physicians were required to submit written expert reports pursuant to subsection (a)(2)(B). The court noted the amendment to the Rule and stated that "the Advisory Committee's Note appears at odds with the holding in *Meyers*." *Id.* at *4. It did not, however, directly address the tension between *Meyers* and the amended Rule 26 because it concluded that, under either standard, the treating physicians did not need to supply written reports. *Id.* Accordingly, the court had no occasion to address the fact that *Meyers* was actually decided *before* the amendment of the Rule. Another district court in *Gonzalez v. Olson*, 2015 WL 3671641 (N.D. Ill. June 12, 2015) resolved the same issue in a similar way, finding that the treating physicians in that case neither fell directly under subsection (a)(2)(B) nor *Meyers'* interpretation of it and, accordingly, only required that disclosures be made under subsection (a)(2)(C).

The district court in *Coleman v. American Family Mut. Ins. Co.*, 274 F.R.D. 641 (N.D. Ind. 2011), on the other hand, more directly addressed the issue. In *Coleman*, the defendant moved the court to compel the plaintiff to provide expert reports for the plaintiff's four treating physicians. After acknowledging the holding in *Meyers*, the court noted that the Rule was amended after the decision in *Meyers*. *Id.*, at 645. Because the treating physicians in *Coleman* were not "retained" as defined in subsection (a)(2)(B), the court concluded that they were not required to submit written reports under that subsection, but instead the plaintiff needed only to comply with the disclosure requirements in subsection (a)(2)(C). *Id.*

This Court reaches the same conclusion as the court in *Coleman.* Dr. Mulconrey is not a retained expert. Accordingly, under the plain language of the Rule, the expert falls within the disclosure requirements of subsection

(a)(2)(A) and (a)(2)(C), but not the reporting requirements of subsection (a)(2)(B). Neither the Seventh Circuit's holding in *Meyers* nor its restatement of that holding in *Banister* alter this conclusion, for those opinions interpreted a different version of Rule 26(a)(2). The court in those opinions interpreted that version of the Rule to fill a gap created by the Rule's failure to address the disclosure requirements for un-retained expert witnesses, such as treating physicians. The amended Rule now fills that gap with subsection (a)(2)(C), and the reasoning of *Meyers* and its progeny are therefore inapplicable to the amended version of the Rule.

Walmart's motion is DENIED, but Morrison must provide Walmart with the disclosures required by Rule 26(a)(2)(C), to wit: the subject matter on which Dr. Mulconrey is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which he is expected to testify.

*It is so ordered.*